## UNION CENTRAL LIFE INS. CO. v. CRUTCHER et al.

### No. 1897.

District Court, W. D. Missouri, W. D.
May 23, 1946.

D. C. Chastain and Gardner Smith, both of Kansas City, Mo., for plaintiff.

G. R. Chamberlin, of Harrisonville, Mo., for defendants Holt.

Homer A. Cope, of Kansas City, Mo., for defendant George Crutcher.

REEVES, District Judge.

The plaintiff holds a note secured by deed of trust on property of defendant George Crutcher. The said Crutcher was inducted into the armed forces of the United States and was performing military duties at the time suit was filed August 4, 1944. The plaintiff in its complaint set forth the facts of such service and asked for the appointment of a receiver until the said defendant had been discharged from the army. On October 16, 1944, on application of the said defendant, stay was granted as provided in Section 532, Title 50 U.S.C.A.Appendix. In the meantime separate answers of the defendants Lee A. Holt and Mrs. Lee A. Holt, his wife, were filed. By such answers they disclaimed any interest in the property. On April 5, 1946, the plaintiff filed the above designated motion. The motion is supported by affidavits showing that the defendant George Crutcher was discharged from military service prior to August 1, 1945, and that more than 3 months had elapsed after said discharge and before the filing of this motion.

It further appears from affidavits submitted that notice was served upon the defendant George Crutcher and his counsel with respect to the pendency of this motion.

The wife of said defendant was joined as a party defendant. The said defendants, George Crutcher and Dora Crutcher, being the main defendants, and they alone having an interest in the subject matter, have not answered nor filed any pleadings although notified of this motion. Under such circumstances the plaintiff would have a right to dismiss, even without notice, as provided by Rule 41 Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff seeks to have its action dismissed when the stay of proceedings has been terminated, and it also asks leave to foreclose the deed of trust. It is obvious that such an order should be made, as this motion is not resisted. Moreover, upon all of the facts plaintiff is entitled to such an order. The same should and will be granted.